UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND WRIGHT,

    Petitioner,

v.

W. L. MUNIZ,

    Respondent.

Case No. 15-cv-05506-HSG (PR)

**ORDER OF DISMISSAL**

On March 26, 2015, petitioner, a former state prisoner, filed a *pro se* habeas petition challenging the California Department of Corrections and Rehabilitation's calculation of his release date. The petition was originally filed in the United States District Court for the Eastern District of California, using that court's form for habeas petitions brought pursuant to 28 U.S.C. § 2254. The Eastern District thereafter transferred the petition to this District on the ground that, because petitioner was challenging the execution of his sentence and was incarcerated in this District, venue over the petition lies in this District. That action was assigned case number C 15-1600 HSG (PR).

On August 10, 2015, case number C 15-1600 HSG (PR) was dismissed for failure to exhaust state court remedies. Petitioner was advised that if he chose to re-file after exhausting state court remedies, he could not re-file his petition as an amended petition in this action but must instead file a new petition and a new case number would be assigned it.

On December 1, 2015, petitioner re-filed the same petition in this Court, using the same Eastern District form and with the case number crossed out. With the petition, he filed a letter reporting that state court remedies had been exhausted on November 10, 2015 when the California Supreme Court denied his state habeas petition. The re-filed federal petition and letter were

opened as the instant action, case number C 15-5506 HSG (PR). On December 1, 2015, the Clerk notified petitioner that he had not filed a petition using this Court's form for Section 2254 petitions. Petitioner was also advised that he needed to pay the $5.00 filing fee or file an application to proceed in forma pauperis ("IFP"). The Clerk also mailed to petitioner the Court's petition and prisoner IFP forms and instructions for completing the forms.

In an order dated December 16, 2015, the Court noted that petitioner was no longer in custody and directed the Clerk to provide petitioner with a non-prisoner IFP application. Petitioner was given an extension, to January 22, 2016, to file his form petition and IFP application. *See* Dkt. No. 5.

To date, petitioner has not filed the required documents. Accordingly, the instant action is DISMISSED without prejudice for failing to respond to the Court's order, and for failure to prosecute, *see* Fed. R. Civ. P. 41(b). Because this dismissal is without prejudice, petitioner may move to reopen the action. Any such motion **must** contain the two documents mentioned above. In lieu of an IFP application, petitioner may submit full payment for the $5.00 filing fee.

A certificate of appealability is DENIED. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 2/10/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge